LEANDER C. MARSHALL *vs.* GEORGE W. PERKINS.

PROVIDENCE — APRIL, 17, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A husband is liable for necessaries furnished to his wife, but not for money to buy them with, as such money might be misapplied.

*Semble*, that the testimony of the wife alone that the money was laid out for necessaries would be insufficient, as it would open the door to a misapplication which it is the purpose of the law to prevent.

DEFENDANT'S petition for a new trial.

PER CURIAM.   The court is of opinion that the defendant is entitled to a new trial upon exception to the refusal of the third request for instruction to the jury, viz.: "That he is in no case liable for money loaned to the wife, even though it be to purchase necessaries."

In *Gill* v. *Read*, 5 R. I. 343, Ames, C. J., said : "It is old law that neither a wife nor an infant has credit to borrow money, the credit being for necessaries and not for money to buy them with, which may be misapplied.  If, indeed, the lender lays out the money or sees it laid out for necessaries, he may charge them as provided by himself, and thus the application of the loan is left, as it should be, at his peril. If, as we understand the bill of exceptions, the money was furnished by the plaintiff directly to the wife, and there was no evidence that the same was applied by her to the purchase of necessaries, which the plaintiff charged, as he might, as furnished by himself, the ruling as to these items was erroneous."

The court is of the opinion that that case is not substantially different from the present.   The credit which the law recognizes is for necessaries, and not for money to buy them with, which may be misapplied.   The present case does not show that the plaintiff either furnished the necessaries or

saw that the money advanced was laid out for necessaries, and hence he is not within the rule. If the testimony of the wife alone that the money was laid out for necessaries should be held to be sufficient, it would open the door to the liability for misapplication, which it is the purpose of the rule to prevent.

New trial granted, and case remitted to the Common Pleas Division for further proceedings.

*Charles H. Page and Franklin P. Owen,* for plaintiff.

*David S. Baker,* for defendant.